Wesley HARRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–89–00035–CR.

Court of Appeals of Texas,
Tyler.

July 31, 1992.

Discretionary Review Granted Nov. 4, 1992.

Odis R. Hill, Longview, for appellant.

C. Patrice Savage, Longview, for appellee.

## OPINION ON REMAND

BILL BASS, Justice.

We delivered our original opinion in this case on May 17, 1991. The State petitioned for discretionary review contending that we erred in our review of the admission of evidence of an extraneous offense. The Court of Criminal Appeals remanded 820 S.W.2d 800 this case to us to reconsider the admission of the extraneous offense in the light of their subsequent opinion in *Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App.1991), delivered June 19, 1991.

A jury convicted Appellant of engaging in organized crime, and assessed punishment at confinement for fifteen years. At Appellant's trial, the State introduced a ledger apparently recording several cocaine sales made to "Wesley" during February and March of an un-named year. We reversed Appellant's conviction, because we believed that Appellant had not been clearly shown to have been the perpetrator of the extraneous crimes. *See Turner v. State*, 754 S.W.2d 668 (Tex.Cr.App.1988); *McCann v. State*, 606 S.W.2d 897 (Tex.Cr.App.1980); *Landers v. State*, 519 S.W.2d 115 (Tex.Cr.App.1974).

*Montgomery* prescribed a new procedure for adjudicating the admissibility of evidence of "other crimes, wrongs, or acts" under Article IV of the TEXAS RULES OF CRIMINAL EVIDENCE, and pointed to a significant shift from a general rule of exclusion found in case law to the inclusionary approach implicit in the Rules of Evidence.

If evidence of uncharged misconduct is offered, the opponent must challenge the offer under Rule 404(b); an objection that the offer is not relevant or constitutes proof of an extraneous offense will preserve error. Under *Montgomery*, we must first determine if the offered proof is relevant for any purpose. If not, the evidence is inadmissible and the inquiry ends. TEX.R.CR.EVID., Rule 402. If the answer is "yes," the court must then decide if it has relevance "apart from its tendency 'to prove [the] character of a person in order to show that he acted in conformity therewith.'" *Montgomery*, 810 S.W.2d at 387. If it is relevant solely because it supports an inference of character conformity, the evidence is absolutely inadmissible under 404(b).

However, it may be admissible if the trial judge is persuaded that the evidence of extraneous offenses tends to establish "some elemental fact such as identity or intent, some evidentiary fact such as motive, opportunity or preparation, or if it tends to rebut a defensive theory." *Montgomery*, 810 S.W.2d at 387, 388.

If the opponent of the offer has objected only upon the ground that the proffered evidence is of an "extraneous offense" or has no relevance beyond character conformity, the trial judge should admit the evidence if it has relevance apart from character conformity. *Id.* at 389. The opponent's objection has been fully ruled upon.

Only in the event that the opponent of the offer has raised the further objection under Rule 403 that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, delay, or confusion of the issues, need the trial court proceed further and weigh the probative value of the evidence against its potential for unfair prejudice. An objection that the evidence is inadmissible because it amounts to proof of an "extraneous offense" will no longer suffice to require the trial judge to decide "both that evidence was relevant to a material issue and that its probative value outweighed its prejudicial impact." Once a Rule 403 challenge is leveled at the offer, the trial

court must go forward with the balancing process such as its weighing the factors that argue for and against its admission. *Id.;* 22 WRIGHT & GRAHAM, *Federal Practice and Procedure: Evidence,* § 5250 at 544–45 (1978). Unless the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, the trial court may admit it. *Montgomery,* 810 S.W.2d at 392. The abuse of discretion standard governs appellate review of the trial judge's decision under Rule 403. "But reviewing the trial court's judgment for abuse of discretion requires more of an appellate court than deciding that the trial judge did in fact conduct the required balancing and did not simply rule arbitrarily or capriciously." *Id.*

The relevance of an extraneous offense necessarily depends upon a showing that the offense actually occurred, and that the defendant committed it. The strength of the evidence showing that the extraneous bad acts occurred and that the defendant was the actor bears upon both the trial court's initial determination of relevance under Rule 404(b) as well as its assessment of probative value under 403. Evidence of another crime can rarely be relevant to prove the accused guilty of the crime charged, unless it is shown that the accused was its perpetrator.

The *Montgomery* court did not directly address the central question in this case. When the State undertakes to prove other crimes, wrongs, or acts, what is the standard by which the sufficiency of that proof is to be measured? What quantum of evidence must be presented showing that the defendant committed the extraneous crimes, wrongs, or acts before the evidence of that conduct may go to the jury? Given the potential for unfair prejudice that inheres in this kind of evidence, the courts of most jurisdictions have traditionally imposed a higher standard for its admission than that for the admissibility of evidence generally. *See* 22 WRIGHT & GRAHAM, *Federal Practice and Procedure: Evidence,* § 5249 at 532. Before the adoption of Rule 404(b), most federal and state courts required such evidence to be "substantial proof" or "satisfactory proof" or "clear and convincing." *Id.* In an opinion delivered after the adoption of the rules of evidence, the Court of Criminal Appeals reiterated the traditional and more demanding standard required of such evidence in Texas: evidence of another crime "should not be admitted unless the commission of the other crime is clearly proved and the accused is shown to have been its perpetrator." *Turner v. State,* 754 S.W.2d 668, 673 (Tex.Cr.App. 1988).

■ Relying on *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), the State argues strenuously that no preliminary showing is required before the admission of "other bad acts" evidence. In *Huddleston,* the petitioner argued that the jury should not be exposed to evidence of extraneous offenses until the trial court had heard the evidence and made a preliminary finding under FED.R.EVID. 104(a) that the defendant had committed the extraneous offense. When the United States Supreme Court granted certiorari in *Huddleston,* a conflict existed among the Courts of Appeals both as to the necessity of such a preliminary hearing and the level of proof required before the admission of evidence of other acts of misconduct. The Supreme Court concluded that the trial judge was not required to make a preliminary finding that the government had proven the other act by a preponderance of the evidence. *Huddleston,* 485 U.S. at 689, 108 S.Ct. at 1501. However, although the judge is not required to weigh the evidence in order to make his own finding, he must be satisfied that there is, or will be, sufficient evidence in the record from which the jury may reasonably find by *a preponderance of the evidence* that the defendant committed the extraneous offense. *Id.* at 690, 108 S.Ct. at 1501–02. The *Huddleston* opinion makes clear that this quantum of evidence must be present before the proof of the extraneous offense is relevant under Rule 404(b).

> [The] Government may [not] parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo.
>
> . . . .
>
> In the Rule 404(b) context, similar act evidence is relevant only if the jury can

reasonably conclude that the act occurred and that the defendant was the actor.

*Huddleston,* 485 U.S. at 689, 108 S.Ct. at 1501. Therefore, even under the relaxed requirements of *Huddleston,* there remains a threshold of proof that must be crossed before evidence of uncharged misconduct can go to the jury. The judge need not weigh the evidence to determine whether the evidence connecting the defendant to the extraneous offense preponderates, but he must be satisfied that there is sufficient evidence from which the jury could reasonably so find. Once this threshold of relevance is crossed, the strength of the evidence that the defendant committed the extraneous offense may still have an important bearing on the outcome of the judge's decision under Rule 403 weighing probative value against the potential for unfair prejudice.

■ The pertinent TEXAS RULES OF CRIMINAL EVIDENCE are almost identical to their counterparts in the FEDERAL RULES OF EVIDENCE. Nevertheless, the similarity in wording does not necessarily require a similar interpretation. State courts retain the right to interpret their own constitution and laws, short of subtracting from the rights guaranteed their citizens by federal law. *Heitman v. Texas,* 815 S.W.2d 681 (Tex.Cr.App.1991).

We reversed Harrell's conviction because we concluded that the evidence connecting him with the other cocaine sales recorded in the ledger fell short of the "clear and convincing" standard required by Texas case law and only recently reiterated in *Turner.* We have found no Texas case that expressly repudiates the "clear and convincing" test.

*Montgomery* did not expressly retreat from the more rigorous standard theretofore required by Texas case law. Whether Texas retains the more rigorous "clear and convincing" standard by which the proof of the other acts must be measured is a question that the *Montgomery* court did not directly address. However, it is important to note that in *Montgomery's* comprehensive discussion of the rules relating to evidence of extraneous bad acts, there is no mention that there is required a higher threshold of proof that the act occurred and that the defendant was the actor before the jury is exposed to the evidence of the extraneous acts. Consistent with the federal view, the strength of the proof that the accused was the actor was only noted as one of the factors in weighing probative value under Rule 403. *Montgomery* reiterates that, under the Rules of Criminal Evidence, the exclusionary emphasis toward extraneous offenses that formerly characterized Texas case law has been replaced by an inclusionary presumption that all relevant evidence is admissible (apart from that proving only character conformity) unless its probative value is *substantially* outweighed by the danger of unfair prejudice. *Montgomery,* 810 S.W.2d 372 (Tex.Cr.App.1990). It stresses that the strength of the evidence showing that the defendant committed the extraneous conduct is a factor in weighing the probative worth of that evidence. And *Montgomery* emphasizes that considerable deference should be accorded the trial judge's discretion both in determining relevance under 404(b) and in weighing probative worth against potential unfair prejudice under 403. "The determination of relevance . . . depends upon one judge's perception of common experience." *Montgomery,* at 391. "An appellate court owes no less deference to the trial judge in making this judgment than it affords him in making any other relevancy call." *Id. Montgomery's* approach to appellate review of the trial judge's Rule 403 determination is also consistent with the federal court's view that "the trial court's judgment should be reversed rarely and only after a clear abuse of discretion." *Montgomery,* 810 S.W.2d at 392, *citing, United States v. Maggitt,* 784 F.2d 590, 597 (5th Cir.1986). In the recent case of *Harris v. State,* 827 S.W.2d 949, (Tex.Cr.App.1992), Harris urged that a witness failed to identify him as the perpetrator of the extraneous misconduct. The Court of Criminal Appeals acknowledged that the witness did not identify appellant, but, echoing the U.S. Supreme Court's language in *Huddleston,* concluded that "the trial court did admit other evidence from which the jury might reasonably conclude that appellant was in fact one of the thieves."

■ It is apparent that the interpretation of Article IV of the TEXAS RULES OF CRIMINAL EVIDENCE by our Court of Criminal Appeals

parallels the federal court's interpretation of the analogous federal rules. We conclude that, consistent with the federal view, Texas law no longer requires that such evidence be clear and convincing, but only that there be sufficient evidence from which the jury may find by a preponderance of the evidence that the defendant committed the extraneous act. Once this showing is made, the relative strength of such evidence remains a consideration in the balancing process required by Rule 403.

■ The Lindley ledger admitted as State's exhibit no. 76 documents cocaine sales between the Lindleys and "Wesley" or "Wes" during the period from "2/16" to "3/28." There was evidence that the prices recorded in the ledger were the same as those prevailing during the time of the organized criminal activity. There was also testimony that Appellant had objected to the entry of his name in the later records. The other ledger supplemented by surveillance reports already showed several similar transactions between the Lindleys and Wesley Harrell. We believe this constitutes sufficient proof from which the jury might justifiably conclude by a preponderance of the evidence that the Appellant committed the extraneous offenses recorded in the ledger.

■ The proof that Appellant committed the extraneous offenses is sufficient to show that the evidence of those offenses is relevant. We must next review the trial court's implied finding that it has relevance apart from its tendency to prove "character conformity." When the evidence was admitted over Appellant's objections, the jury was instructed to consider it only as proof of *intent.*

Appellant's intent to participate in an organized criminal enterprise and its profits was sharply contested during the trial. The ledger showed several cocaine transactions in quantities indicating the drug was purchased by Appellant for resale, probably occurring near the time of the crime charged, between Appellant and the kingpin of the conspiracy. Several of the confederates charged with participation in the organized criminal activity also made drug purchases recorded in the ledger in question. The challenged ledger entries recorded recent purchases of cocaine,

apparently for resale and not just for his personal use as Appellant argued. If Appellant could be shown to be a cocaine merchant and not simply a consumer, then his intent to be a part of a cocaine distribution ring was arguably more probable. Considering the deference we owe to the trial judge's relevance determination, we cannot say that the evidence was not relevant to prove intent.

■ We must next review the trial judge's balancing, under Rule 403, of the probative value of the evidence against its potential for unfair prejudice. We must do this in light of *Montgomery's* instruction "that probativeness is the weightier consideration," that the danger of unfair prejudice must *substantially* outweigh probative value before relevance is excluded, and that appellate courts should reverse the judgment of the trial court "rarely and only after a clear abuse of discretion." *Montgomery,* 810 S.W.2d at 392.

The State had other evidence to establish Appellant's intent to participate in this organized criminal enterprise. But it was not so compelling as to eliminate the State's need for this evidence. Little time was required to develop the evidence of the extraneous offenses, so it is unlikely that the jury's attention was diverted from the indicted offense. The transactions are identical to those underlying the crime charged.

On the other side of the scales, the evidence that the Appellant in fact committed the extraneous conduct is only sufficient. The evidence of the other sales carried with it a high potential for unfair prejudice and was of such a nature that a jury instruction to disregard it for any but the proffered purpose would be of dubious value.

*Montgomery* explains that trial courts should "favor admission in close cases, keeping in mind the presumption of the admissibility of relevant evidence." *Montgomery,* 810 S.W.2d at 389. This is a close case. We incline to the view that the potential for unfair prejudice outweighs the probative value of the evidence in question. But measuring the trial court's ruling against the relevant criteria by which a Rule 403 decision is to be made, we are unable to conclude that

the trial court abused its discretion in its implied ruling that the potential for unfair prejudice of the evidence of extraneous offenses did not *substantially* outweigh its probative value. The point is overruled.

The judgment is affirmed.